COPE, Judge
(dissenting).
I respectfully dissent.
*86 The claimant applied for benefits under the Florida Training Investment Program, established pursuant to section 443.231, Florida Statutes (1993). The claimant is a dislocated airline mechanic who previously-worked for Pan American Airways. He is attempting to improve his skills so as to qualify for a management position in a different aspect of the airline industry.[1]
Section 443.231, Florida Statutes, provides in part:
(1) INTENT. — The Legislature hereby finds and declares that international competition and rapidly changing technologies have led to major changes in the nature of unemployment in the United States. Industries and associated occupations are made obsolete, while others emerge and grow rapidly. This has led to a mismatch between the skills of available workers and the requirements of the new workplace, a condition known as structural unemployment. Affected workers often cannot be retrained for a different occupation before their normal unemployment benefits are exhausted. The Legislature finds that this revolution in the workplace calls for an intervention strategy which combines wage loss replacement with retraining in a currently marketable skill.
(2)(a) “Dislocated worker” means an individual who has been terminated or laid off or has received a notice of termination or layoff from employment, who is eligible for or has exhausted his entitlement to unemployment compensation, and who is unlikely to have an opportunity to return to his previous industry or occupation.
(3)(a) The division may approve training programs established under s. 302 of the Job Training Partnership Act for claimants who are dislocated workers.
(b)The division may approve training programs in vocational or technical schools or classes designed to prepare the participants for gainful employment in reeog-nized occupations. Training programs should consist of a practical curriculum for development of vocational, rather than avocational, skills.
(c) The division may not approve as training programs educational or academic programs primarily intended to lead toward a baccalaureate or higher degree. However, a basic education program which is a prerequisite for skilled training or other short-term, vocationally directed academic courses may be approved.
(d) Eligibility criteria shall be based upon, but not limited to, the following considerations:
1. That reasonable employment opportunities in occupations for which the claimant is qualified either do not exist or have been substantially diminished in the labor market area, making a change in occupation necessary for reemployment in the labor market area.
2. That the claimant has the qualifications or aptitudes required to successfully complete the selected training program.
3. That the training sought by the applicant relates to an occupation or skill for which there are, or are expected to be in the immediate future, reasonable opportunities for employment in a labor market area of this state where the applicant expresses intention or willingness to seek work.
(4)(a) Any dislocated worker may apply to receive benefits under this section while enrolled in an approved course of training pursuant to this section. The division shall develop a special application form for such purpose.
(c) Any individual who is determined eligible to participate in the program may receive up to an additional 26 weeks of unemployment benefits upon exhaustion of any unemployment benefits to which he is or was entitled under s. 443.111, or by *87 virtue of federal act. The weekly benefit amount of the benefits payable under this section shall be determined pursuant to s. 443.111(2)(a).
The appeals' referee found that the claimant is not eligible because “[t]he claimant is attending Florida International University [FIU] to seek a bachelor’s degree in Business Administration.... Since the claimant is seeking a bachelor’s degree instead of vocational training, it can only be concluded that the claimant is not entitled to participate in the Training Investment Program.”
The claimant correctly contends that this finding is not supported by substantial competent evidence. At the hearing, the claimant testified that after taking five courses at FIU, a student is required to elect a major, regardless of whether or not the student is seeking a degree. Claimant testified that he elected a Business Administration major in order to comply with the FIU requirement. He testified that he is not seeking a degree, cannot stay in school long enough to obtain a degree, and in any event, could not earn a degree within the time period covered by the Training Investment Program application. This testimony by claimant was uncontradict-ed. Since there is no substantial competent evidence supporting the referee’s finding that claimant is seeking a degree, he should not have been disqualified for that reason.
The majority opinion also suggests that the claimant’s application should be denied for a different reason, namely, that “the Business Administration School at Florida International University is not a ‘vocational or technical school [] or class []....’” Opinion at 85. The statute does not, however, confine Program benefits to vocational or technical schools. The statute allows approval of training programs “in vocational or technical schools or classes designed to prepare the participants for gainful employment in recognized occupations.” § 443.231(3)(b), Fla.Stat. (1993) (emphasis added).
More important, the statute clearly indicates that some academic programs do qualify and can be specifically approved. The statute disallows “educational or academic programs primarily intended to lead toward a baccalaureate or higher degree.” Id. § 443.231(3)(c). The statute goes on to say, however, that “a basic education program which is a prerequisite for skilled training or other short-term, vocationally directed academic courses may be approved.” Id. (emphasis added). Consequently, the fact that the course work is offered at a university is not automatically disqualifying under this statute.
The question, then, is whether the course work undertaken by the claimant qualifies as being “a basic education program which is a prerequisite for skilled training or other short-term, vocationally directed academic courses.... ” Id. On this point, the appeals referee made no finding. The case should be remanded to the referee for further proceedings on that issue.[2] The order under review should be reversed and the cause remanded for a new hearing.

. Claimant testified that the opportunities for aircraft mechanics are limited in this geographic area. He stated that he was attempting to shift to a full-time position as crew chief in fleet service where the opportunities for employment are better.

. Claimant suggested for the first time on appeal that the agency has approved other claimants who are enrolled in the identical course of study. That is an issue which should be presented to the referee on remand.